**Frances E. STERNSTEIN, Plaintiff,**

v.

**"ITALIA"—SOCIETA PER AZIONI DI NAVIGAZIONI—GENOA, also known as Italian Line, Defendant.**

United States District Court
S. D. New York.

April 3, 1959.

Standard, Weisberg, Harolds & Malament, New York City, for plaintiff, Louis R. Harolds, New York City, of counsel.

Dorsey, Burke & Keber, New York City, for defendant, William P. Larsen, New York City, of counsel.

DAWSON, District Judge.

This motion for reargument raises the question as to when the judgment was entered in this action. Heretofore the plaintiff brought on a motion for a new trial which was granted by the undersigned on February 20, 1959. The defendant now urges, in support of its motion for reargument, that the Court's order of February 20, 1959, granting a new trial, was improper on the ground that the application on which it was

granted was made more than ten days after entry of the judgment. Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part:

"A motion for a new trial shall be served not later than 10 days after the entry of the judgment."

The question on this motion for reargument is: When was the judgment entered? Did the attorney for the plaintiff wait too long after entry of the judgment before making a motion for a new trial?

A review of the relevant events may be helpful. This action was tried before the undersigned, without a jury, on December 22, 1958. At the end of the day the Court orally stated to the attorney for the plaintiff: "I dismiss your case. Your case is dismissed. You have not proved a case." Thereafter an order was submitted by the Clerk, dated December 22, 1958, and approved by the Court, which stated in part: "The Court having dismissed said action with costs, it is Adjudged that the defendant have judgment against plaintiff."

At that time no findings of fact and conclusions of law were filed, as required by Rule 52, which provides in part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *."

In this case the Court filed its findings of fact and conclusions of law on December 28, 1958, at the end of which it stated:

"The Court having tried the action, and having rendered its findings of fact and conclusions of law, directs that such action shall be dismissed, with costs * * *"

Thereafter costs were taxed on December 29, 1958 in the sum of $52, and on December 29, 1958 the judgment was docketed dismissing the action and entering judgment for costs in said sum against the plaintiff.

The question here is, what was the date of entry of the judgment, so far as Rule 59(b) is concerned? Rule 58 provides that the entry of judgment takes place when it is noted in the civil docket. In the present case the civil docket shows that entry of judgment dismissing the action was made on December 22, 1958. It also provides that the entry of judgment shall not be delayed for the taxing of costs.

If judgment had been entered on December 29, 1958 the motion for a new trial would have been timely. If the entry of judgment was on December 22, 1958, the motion was not timely. Under all the facts in the case and the entries in the civil docket, the Court reluctantly comes to the conclusion that the date of entry of judgment was December 22, 1958. While the Court, as heretofore stated, was ready to grant a new trial, its jurisdiction to do so was limited by the delay of counsel for the plaintiff in making application for a new trial. The application was made too late for the Court to have authority to grant a new trial.

The motion for reargument is granted and upon reconsideration the Court sets aside its decision and order of February 20, 1959 and directs that the motion for a new trial be denied as not timely made. So ordered.